IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAIME EFRAIN LUIS-LOPEZ,

      Petitioner,

v.                                                                         Case No. 2:25-cv-03085-MSN-cgc

CHRISTOPHER BULLOCK, Field Officer
Director of Immigration and Customs Enforcement,
New Orleans Field Office, in his official capacity,[1]

      Respondent.

---

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner has filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"), challenging his continued detention. The Petition requests immediate release or, alternatively, a bond hearing before an Immigration Judge. (*Id.* at PageID 7.) On May 29, 2026, Respondent filed his Supplemental Briefing (ECF No. 17) based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026). Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that *Lopez-Campos* is binding on this Court. (ECF No. 17 at PageID 119.) Respondent says that, subject to his reservation of all rights to appeal *Lopez-Campos*, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody. (*Id.*)

---

[1] Per the Government, Mellissa Harper is no longer head of the New Orleans Field Office. (ECF No. 17 at PageID 118, n.1.) The Clerk is accordingly **DIRECTED** to terminate Mellissa Harper and substitute "Christopher Bullock, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, in his official capacity" as the sole respondent.

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a), which provides for a bond *hearing* pending the aliens' removal proceedings.  So although Petitioner also requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten days of the date of this Order.**  The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025).  If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.

**IT IS SO ORDERED**, this 2nd day of June, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE